# Kelly *versus* Creen.

1. In a sheriff's sale book were these memoranda: " 26th April, property sold to David Kelly for $630, with the understanding if the money is not paid on or before the 8th of May, the property shall be sold again." " 8th of May, money not being paid, I have this day sold the property to John Mitcheltree for $600." The sheriff's deed recited the writs of execution and the purchase at an adjourned sale May 8th, by Mitcheltree. *Held,* that the sale to Mitcheltree was not invalidated by these entries.

2. D. Kelly, who had made the first bid and refused to comply, could not object to the sale.

3. If the sale book were a record, the whole record taken together showed a sale to Mitcheltree.

4. The memoranda had no characteristic of a record, and Mitcheltree was not affected by it.

5. A sheriff's docket is kept to furnish means of proof of things transacted in the sheriff's office, and possibly for supplying contents of lost papers, but is not esteemed a record.

6. Kelly *v.* Creen, 3 P. F. Smith 302, approved.

November 16th 1869. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Mercer county:* of October and November Term 1869, No. 231.

In the court below this was an action of ejectment commenced December 7th 1867, by John Kelly against Richard Creen, for 116 acres of land. There had been a former ejectment between the same parties for this land in which judgment was rendered for the defendant Creen, which judgment was affirmed by the Supreme Court; the case is reported in 3 P. F. Smith 302.

[Kelly *v.* Creen.]

The plaintiff owned the land on the 27th of December 1840, when a judgment was recovered against him by John Mitcheltree, a fieri facias issued and the land condemned. The writ of venditioni exponas could not be found, but a sheriff's deed to Mitcheltree acknowledged in open court, recited the fieri facias, the condemnation of the land and the venditioni tested December 27th 1845; also "whereas, the sheriff, having given due and legal notice of the time and place of sale of the said land, and after adjournment, on Thursday, the 8th day of May 1845, exposed the same to sale, by public vendue or out-cry, and sold the same to John Mitcheltree, for the sum of $600." * * * On the trial these facts with others were given in evidence by the plaintiff. He also gave in evidence the sheriff's "Sale Book," containing a printed notice of the property of Kelly (the plaintiff) to be sold April 26th 1845.

On the book were these entries :—

" 26th April, property sold to David Kelly for $630, with the understanding if the money is not paid on or before the 8th of May, the property shall be sold again."—" 8th of May, money not being paid, I have this day sold the property to John Mitcheltree for $600."

The sheriff's docket contained only the statement of the writ but no entry of the property or proceedings of the sale. There was other evidence bearing on the questions considered in the former ejectment. Besides answering the points submitted by the plaintiff, the court (McGoffin, P. J. of 17th District) charged :—

" The acknowledgment of the deed by the sheriff in open court covers all irregularities in the proceeding to sell, and the Supreme Court having decided that the sale made on the 8th of May 1845, by the sheriff to Dr. Mitcheltree, although made more than six days after the return-day of the writ on which the sale was made, did not, for that cause, invalidate the sale; we say to the jury if they believe the evidence we received of the fact discovered from the entry of the sale book of the sheriff as proved by Mr. McDermitt, it was but an offer to sell the land in dispute upon condition that the money for the price agreed upon, $630, should be paid on the 8th of May following, and if not paid as agreed upon, the sheriff had the power to put the property up for sale on that day, and the acknowledgment of the deed would confer the title for the same to Dr. Mitcheltree as the highest and best bidder, and invest him with the title of the defendant in the judgment in the land at the time of the entry thereof."

The verdict was for the defendant.

The plaintiff removed the case to the Supreme Court and amongst other errors assigned the charge of the court for error.

*Foster & McDermitt*, for plaintiff in error.—When the land was

[Kelly v. Creen.]

struck down to David Kelly as appears by the sale-book, the right of the purchaser attached: Gibson v. Winslow, 2 Wright 54. The sheriff's authority was exhausted and he could not sell without a new writ. The presumption of adjournment of the sale, Kelly v. Creen, *supra*, may be rebutted by proof. The sheriff had no authority for a second sale: Shields v. Miltenberger, 2 Harris 78. The sheriff's sale-book is part of the record: Jewell v. Commonwealth, 10 Harris 94.

*W. Stewart* and *Griffith & Mason*, for defendant in error, referred to Kelly v. Creen, 3 P. F. Smith 302.

The opinion of the court was delivered, January 3d 1870, by

THOMPSON, C. J.—When this case was here before, as it will be seen it was, by reference to 3 P. F. Smith 302, the sheriff's sale to Mitcheltree, under whom the defendant claims title, was held good against the objection that the sale was on a plu. venditioni exponas after its return day. The sale was under the Act of 1836, which it was then shown could be legally after the return day of the venditioni exponas, and before the Act of April 1845 had taken effect. Other objections to the sheriff's deed were made and examined at the time, and were set aside on solid grounds, as the opinion of Strong, J., abundantly shows.

Now a new objection to the validity of the sheriff's sale to Mitcheltree, is made, namely, that a book in the sheriff's office at that time, now lost, it is proved showed that the land in controversy had been up for sale on the 26th of April 1845, and was bid off to David Kelly, one of the defendants in the execution, at the sum of $630, "with the understanding," says the minute, "if the money is not paid before the 8th of May, the property shall be sold again." There was an adjournment of the sale, of course, to that day, in order to execute the arrangement. Across the memorandum, in red ink, says the witness, was the following entry: "8th of May, money not being paid, I have this day sold the property to John Mitcheltree for $600;" and so it was returned, as the deed shows. David Kelly, who had made the previous bid, and failed to comply, made, and could have made no objection to the property being again put up and sold. Nor did the defendants in the execution, or anybody else, and the deed was acknowledged to Mitcheltree, and the title passed to him according to our former decision. Even if the minute book referred to, did possess the force of a record, the whole record must be taken together, and that shows no sale to Kelly. It shows a legal reason why there was none, and why the property was put up and sold to Mitcheltree. Kelly's bid was entertained and was to become good on compliance by payment of the money; it failed, and of course went for nothing. This the record shows, and it does not contradict the return of a sale to Mitcheltree, even if it

[Kelly *v.* Creen.]

were possible so to do by the memorandum, which the witness testifies was not even entered on the sheriff's book, or docket proper. Mitcheltree was not affected by anything in this memorandum. It had no characteristics of a record of which he was bound to take notice. Nor do we see any grounds for holding the sheriff's docket to be a record. It has never been so held, although directed to be kept as furnishing the means of proof of things transacted in the sheriff's office, and possibly of supplying contents of lost papers. But we need not enlarge on this point in the view we have taken of the memorandum spoken of. In view of what was determined in the former case, and what we have already said in this, we think further notice of the errors assigned is not necessary. Seeing nothing to correct in the record, the judgment of the court below is affirmed.